UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| MARY TRIPLET, AS GUARDIAN AND CONSERVATOR OF MARGARET TRIPLET,<br><br>Plaintiff,<br><br>vs.<br><br>MENARD, INC. and BARB MYERS,<br><br>Defendants. | 1:21-CV-01016-CBK<br><br><br>ORDER |

    Plaintiff filed her complaint on July 8, 2021, and an amended complaint of July 12, 2021 (adding a copy of the notice of right to sue from the E.E.O.C.). Defendants filed a motion to compel arbitration, two affidavits, and brief in support of the motion to compel arbitration. On August 2, 2021, I filed a memorandum, Doc. 13, wherein I raised issues as to (1) whether the plaintiff entered into an arbitration agreement with defendant Myers, (2) whether intentional torts, i.e., claims of assault and battery, are subject to arbitration, (3) whether issues of conflict of interest in representation of the defendants had been addressed, and (4) whether a person under a legal guardianship has the capacity to enter into contracts. In response to memo, both parties promptly submitted briefs and affidavits addressing those issues.

    As to the issue of a possible conflict of interest in Menard, Inc. and Barb Myers being represented by the same attorney, that issue is resolved to the satisfaction of the Court. Menard accepts that Ms. Myers was acting within the scope of her employment and that Menard is responsible for any misconduct by Ms. Myers.

    Under the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq*, "a motion to compel arbitration must be granted if a valid arbitration clause exists which encompasses the dispute between the parties." Donelson v. Ameriprise Fin. Servs., Inc., 999 F.3d 1080, 1089 (8th Cir. 2021) (cleaned up). "There is a liberal federal policy favoring arbitration, grounded in the Federal Arbitration Act, 9 U.S.C. § 2, which provides that contract provisions directing arbitration shall be enforceable in all but limited circumstances." Kelly v. Golden, 352 F.3d 344, 349 (8th Cir. 2003). The United States Supreme Court has held that "generally applicable contract defenses,

such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687, 116 S. Ct. 1652, 1656, 134 L. Ed. 2d 902 (1996). "Section 2 mandates the enforcement of arbitration agreements save upon such grounds as exist at law or in equity for the revocation of any contract. Id. at 688, 116 S. Ct. at1657 (internal quotations and citations omitted). Grounds exist in this case authorizing the Court to deny the motion to compel arbitration.

It is undisputed that Mary Triplet is the duly appointed and acting guardian and conservator for Margaret Triplet. The allegation in the state court proceeding was that Margaret "is not capable of managing her own affairs", this being the opinion of Dr. Sarah Flynn of the Avera Medical Group University Psychiatry Associates. Dr. Flynn also expressed the opinion that Margaret "can easily put herself in situations where she would be taken advantage of or seriously harmed." The opinion also was that Margaret has a history of being easily manipulated by others. The state court judge adopted these opinions in ordering a full-scale guardian and conservator. Those opinions are binding on the federal court.

There is no showing that the defendants knew of such opinions or the guardianship and conservatorship. However, a job coach acting as a state employee showed up with Margaret to assist her which gave notice to Menard that Margaret was not the typical employee and was in need of special attention. Menard denied any such assistance and refused to allow the job coach to even sit in on the interview, without any known reason to do so, acting in a rather cavalier manner. There is no evidence that Menard made any inquiries as to the matter of the mental competency of Margaret or her need for assistance from a state government employee. Any reasonable inquiry would have revealed the need for the job coach and giving notice to Mary Triplet. Margaret was not given a copy of the arbitration agreement to take home with her. It is not necessary to find and conclude that Margaret was totally incapable, as a matter of law, of entering into the arbitration agreement. It is, however, an important consideration in looking at principles of equity and fair dealing.

We know that defendant Myers was not a party to the agreement to arbitrate but the defendants claim she can be and should be a beneficiary to the agreement and that all claims against her personally should be dealt with by arbitration. Under all the facts and circumstances, the Court will not permit defendant Myers to require arbitration. The allegations here, which the Court accepts as true for the purpose of the pending motion, consist of illegal force and touching,

normally defined as an assault. An assault has nothing to do with an employment relationship, neither in this case nor any other. Any arbitration agreement intended to prevent legal remedies for such illegal conduct would be unconscionable and unenforceable. Principles of equity are in action here as the Court considers both the actions and inactions of the defendants. *See* Masteller v. Champion Home Builders Co., 723 NW2d 561, 564 (S.D. 2006). The contract is not binding on the plaintiff and the motion to compel arbitration should be denied. The Court fully recognizes the great body of federal law favoring the arbitration of disputes and, of course, the federal Arbitration Act. Here, the circumstances are different.

Principles of judicial economy are also at play here. The parties should not be required to simultaneously enter into arbitration and proceed in federal court.

Now, therefore,

IT IS ORDERED that the motion to compel arbitration, Doc. 5, is denied.

DATED this 16th day of September, 2021.

BY THE COURT:

*[signature: Charles B. Kornmann]*

CHARLES B. KORNMANN
United States District Judge