

**FILED**
NOV 05 2021
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| MARY TRIPLET, AS GUARDIAN AND CONSERVATOR OF MARGARET TRIPLET,<br><br>Plaintiff,<br><br>vs.<br><br>MENARD, INC. AND BARB MYERS;<br><br>Defendants. | 1:21-CV-1016-CBK<br><br><br><br>**MEMORANDUM AND ORDER** |

## I.  BACKGROUND

Defendants Menard, Inc. and Barb Myers ("defendants") motion for this Court to stay further proceedings while this matter is on appeal to the United States Court of Appeals for the Eighth Circuit, purportedly pursuant to Federal Rule of Appellate Procedure 8(a)(1).[1] The defendants have filed a Notice of Appeal pursuant to 9 U.S.C. § 16(a)(1)(A) and (b) of the Federal Arbitration Act in response to this Court's prior Order denying plaintiff's motion to compel arbitration. NOTICE OF APPEAL, doc. 21 (appealing ORDER DENYING MOTION TO COMPEL ARBITRATION, doc. 20). Plaintiff Mary Triplet, as guardian and conservator of Margaret Triplet, has not submitted briefing opposing defendants' motion. While this matter is pending before the Eighth Circuit, defendants now move this Court to pause all proceedings while the appeal to the order denying the motion to compel is considered. Whether this Court must pause all proceedings pending the interlocutory appeal is an unsettled question within this Circuit. Because this Court agrees with the analysis and holdings of most circuit courts who have decided this question, as well as other sister district courts, defendants' motion should be granted.

---

[1] Because this is the District Court, *not* the appellate court, defendants mean to move for a stay pursuant to Federal Rule of Civil Procedure 62.

## II.  DISCUSSION

### A. Legal Standard

This Court has previously explained the standards for compelling arbitration under the Federal Arbitration Act and does not restate it here. See ORDER DENYING MOTION TO COMPEL ARBITRATION, doc. 20 at 1–2. Rather, the question here is whether *after* the appeal has been filed on a denial of a motion to compel, is this Court's jurisdiction to proceed divested?

### B. Analysis

Whether district courts are stripped of jurisdiction to entertain the merits of a case simultaneous to an interlocutory appeal pursuant to the Federal Arbitration Act has not yet been tackled by the Eighth Circuit. For the seven circuit courts that have decided the matter, five[2] lean in favor of providing district courts the authority to pause proceedings pending appeal. See Levin v. Alms & Assocs., Inc., 634 F.3d 260, 263–266 (4th Cir. 2011); Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 215 n.6 (3rd Cir. 2007); McCauley v. Halliburton Energy Servs., Inc., 413 F.3d 1158, 1160–62 (10th Cir. 2005); Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1251–53 (11th Cir. 2004); Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc., 128 F.3d 504, 505–06 (7th Cir. 1997); Bombardier Corp. v. Nat'l R.R. Passenger Corp., 2002 WL 31818924 (D.C. Cir. Dec. 12, 2002) (*per curiam*) (*unpublished*). In Bradford-Scott Data Corporation, Inc. v. Physician Computer Network, Inc., Judge Easterbrook notes "it is fundamental to a hierarchical judiciary that 'a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.'" Bradford-Scott Data Corp., Inc., 128 F.3d at 505 (*quoting* Griffs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). If this Court was to proceed on the merits, it would be tackling the "'mirror image of the question presented on appeal.'" Blinco, 355 F.3d at 1251 (*quoting* Id. at 505). To continue proceedings in the district court pending appeal of

---

[2] Four have published decisions on the question, while the Court of Appeals for the District of Columbia Circuit held jurisdiction was divested in an unpublished *per curiam* opinion. See Bombardier Corp. v. Nat'l R.R. Passenger Corp., 2002 WL 31818924 (D.C. Cir. Dec. 12, 2002) (*per curiam*) (*unpublished*).

2

whether a matter is arbitrable "'largely defeats the point of appeal and creates a risk of inconsistent handling of the case by two tribunals.'" Sitzer v. Nat'l Assoc. of Realtors, 2020 WL 8224831 at *2 (W.D. Mo. May 8, 2020) (*unpublished*) (quoting Bradford-Scott, Data Corp., Inc., 128 F.3d at 505).

Three circuits have come out opposite of the majority view, finding that jurisdiction is *not* divested. See Weingarten Realty Investors v. Miller, 661 F.3d 904, 907–910 (5th Cir. 2011); Motorola Credit Corp. v. Uzan, 388 F.3d 39, 53–54 (2nd Cir. 2004); Britton v. Co-Op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990). In Weingarten Realty Investors v. Miller, the Fifth Circuit found district courts are not stripped of jurisdiction, but nevertheless "ha[ve] the discretion to [pause its proceedings]." Weingarten Realty Investors, 661 F.3d at 910. The Ninth Circuit's logic rests on two points: (1) that arbitrability is "independent" of the "issues presented in the underlying case;" and (2) litigants could "stall a trial simply by bringing a frivolous motion to compel arbitration." Britton, 916 F.2d at 1214. Both concerns were addressed by the Bradford-Scott Data Corporation, Inc. court. First, as is apparent from first glance, the crux of the underlying case *is* whether it is arbitrable and cannot be disentangled from defendants' motion to compel. See Levin v. Alms & Assocs., Inc., 634 F.3d 260, 264 (4th Cir. 2011) ("The core subject of an arbitrability appeal is the challenged continuation of proceedings before the district court on the underlying claims."). Second, if frivolous motions to compel were filed, and subsequently appealed, the plaintiff-appellee could simply "ask the court of appeals to dismiss the appeal as frivolous or to affirm summarily." Bradford-Scott Data Corp., Inc., 128 F.3d at 506. The Tenth Circuit recognized that "'[a]rbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper,' and, as a result, cases involving § 16(a) appeals are 'poor candidates for exceptions to the principle that a notice of appeal divests the district court of power to proceed with the aspects of the case that have been transferred to the court of appeals.'" McCauley v. Halliburton Energy Servs., Inc., 413 F.3d 1158, 1162 (10th Cir. 2005) (*quoting* Id.). Rather, this matter is analogous to other instances where district court proceedings are paused pending appeal, such as within the

3

context of interlocutory appeals surrounding assertions of qualified and sovereign immunities. See, e.g., Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004) ("A district court . . . properly stays discovery pending appeal of a denial of immunity."). Disruptions from the typical practice of divestiture of jurisdiction pending interlocutory appeal do not warrant a departure within the confines of § 16(a) of the Federal Arbitration Act.

Two sister district courts within our Circuit have also addressed this matter, both concluding they were divested of jurisdiction pending appeal. See Sitzer v. Nat'l Assoc. of Realtors, 2020 WL 8224831 at *3 (W.D. Mo. May 8, 2020) (*unpublished*) ("The proper inquiry for this Court is whether the continuing litigation before it is a 'mirror image' of the questions presented by [defendants'] appeal."); Enderlin v. XM Satellite Radio Holdings, Inc., 2006 WL 8445005 at *7 (E.D. Ark. Oct. 24, 2006) (*unpublished*) ("For efficacious reasons a 'federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.'") (*quoting* Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004)). The District Court for the Eastern District of Arkansas aptly notes two valuable interests served by courts' divestitures rules: "'First, it promotes judicial economy for it spares a trial court from considering and ruling on questions that possibly will be mooted by the decision of the court of appeals. Second, it promotes fairness to the parties who might otherwise have to fight a confusing 'two front war' for no good reason, . . . avoiding possible duplication and confusion by allocating control between forums.'" Enderlin, 2006 WL 8445005 at *2 (*quoting* United States v. Ledbetter, 882 F.2d 1345, 1347 (8th Cir. 1989) (alterations in original)).

The critical question in this case is which tribunal can entertain the merits of plaintiff's complaint, which is the very question currently before the appellate court. For this Court to venture forward with this matter pending appeal, it would be tackling the "mirror image" of what is currently under consideration by the Eighth Circuit, wasting scarce judicial resources as well as risking inconsistent holdings. Further, this matter is distinguishable from the issues presented to the District Court for the Western District of Missouri, where the district court partially continued litigation pending interlocutory

4

appeal. In Sitzer v. National Association of Realtors, the Court noted that not all the case was a "mirror image" of what would be decided on appeal. Sitzer, 2020 WL 8224831 at *3. Rather, noting that case law does not "compel[] a blanket stay of all proceedings," the Sitzer Court held that "[t]he proper inquiry . . . is whether the continuing litigation before it is a 'mirror image' of the questions presented" on appeal. Id. While staying all matters related to whether the disputed Listing Agreement was arbitrable, the Court carried forward with non-arbitrable matters. Id. To do otherwise and "[e]xtend[] a stay to include the non-arbitrable class action proceedings . . . is unwarranted." Id. The Sitzer Court's analysis is instructive: district courts should critically assess whether each and every matter in the litigation is a "mirror image" of the matter pending appeal pursuant to § 16(a), or instead whether other issues are simply "'collateral or tangential matters' to the pending appeal.'" Id. (quoting Union Elec. Co. v. Aegis Energy Syndicate 1225, 2012 WL 4936572 at *2 (E.D. Mo. Oct. 17, 2012) (unpublished)).

If this Court was to presume this litigation pending defendants' appeal, the litigants risk prejudice from dual-track litigation that may offer differing substantive rulings to their matter, as well as potentially duplicative briefing if the appellate court ultimately holds this case belongs in arbitration. This is not an amenable conclusion to either party, nor to this Court.

### III.   CONCLUSION

The "filing of a notice of appeal is an event of jurisdictional significance" by "confer[ring] jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc., 128 F.3d 504, 505 (7th Cir. 1997). . Venturing away from these traditional practices is not warranted or allowed in this matter. Rather, the Court holds it is divested of jurisdiction for any matter that is a "mirror image" of what is currently being litigated on appeal pursuant to § 16(a) of the Federal Arbitration Act. Id. See also Levin v. Alms & Assocs., Inc., 634 F.3d 260, 265 (4th Cir. 2011) ("If [the appellate court] later hold[s] that the claims were indeed subject to mandatory arbitration, the parties will not be able to unring any bell rung by discovery,

and they will be forced to endure the consequences of litigation discovery in the arbitration process."). For the stated reasons, defendants' motion should be granted.

IT IS HEREBY ORDERED that defendants' motion, doc. 22, is granted.

DATED this 5th day of November, 2021.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge